IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| LUIS FELIPE MANGUAL, SR. | * | |
| Petitioner | * | |
| v | * | Civil Action No. RWT-14-2206 |
| | | (Related Crim. Case RWT-04-235-25) |
| UNITED STATES OF AMERICA | * | |
| Respondent | * | |

***

## MEMORANDUM OPINION

Petitioner Luis Felipe Mangual, Sr. was indicted in 2004 in a thirty-one defendant drug conspiracy case. On March 21, 2006, prior to trial, Petitioner entered into a written plea agreement in which he pled guilty to count one of the fifth superseding indictment: conspiracy to possess with intent to distribute 5 kilograms or more of cocaine and 1 kilogram or more of heroin in violation of 21 U.S.C. § 846. *See* ECF No. 1263-1. On October 2, 2006, this Court sentenced Petitioner to 262 months imprisonment. ECF No. 973.

Petitioner filed an appeal with the United States Court of Appeals for the Fourth Circuit on October 6, 2006. ECF No. 974. The appeal was dismissed and the mandate issued on August 2, 2007. ECF No. 1147. Petitioner filed his first Motion to Vacate pursuant to 28 U.S.C. § 2255 on October 9, 2008, claiming he was denied the effective assistance of counsel at sentencing. ECF No. 1247. Specifically, Petitioner claimed that counsel failed to investigate a 1994 guilty plea and to object to the drug amounts attributed to him at sentencing. *Id*. at pp. 5-6. The Motion to Vacate was denied by this Court on the merits in a Memorandum Opinion and separate Order issued on August 24, 2010. ECF Nos. 1387 and 1388. Petitioner appealed the decision denying relief. The appeal was dismissed on May 31, 2011, with the mandate issuing on July 25, 2011. ECF Nos. 1456 and 1463.

The instant Motion to Vacate was filed on July 9, 2014, without prior authorization for filing a successive motion from the Fourth Circuit Court of Appeals. ECF No. 1695. Petitioner asserts that he is entitled to relief under 28 U.S.C. § 2255(f)(3) based on an intervening change in the law relying on the Supreme Court's decision in *Alleyne v. United States*, 133 S. Ct. 2151 (2013).

Preliminarily, this Court must determine whether Petitioner's current Motion to Vacate should be permitted to proceed, or be deemed a "second" or "successive" petition under § 2255(h). That provision states that:

> A second or successive motion must be certified as provided in section 2244[1] by a panel of the appropriate court of appeals to contain –

---

[1] § 2244 provides, in relevant part, that:

> (a) no circuit or district judge shall be required to entertain an application for a writ of habeas corpus to inquire into the detention of a person pursuant to a judgment of a court of the United States if it appears that the legality of such detention has been determined by a judge or court of the United States on a prior application for a writ of habeas corpus, except as provided in section 2255.
>
> (b)(1) A claim presented in a second or successive habeas corpus application under section 2254 that was presented in a prior application shall be dismissed.
>
> (2)  A claim presented in a second or successive habeas corpus application under section 2254 that was not presented in a prior application shall be dismissed unless –
>
>> (A)  the applicant shows that the claim relies on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or
>>
>> (B)(i)  the factual predicate for the claim could not have been discovered previously through the exercise of due diligence; and
>>
>> (ii)  the facts underlying the claim, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense.
>
> (3)(A)  Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application.

>   (1)  newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or
>
>   (2)  a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

28 U.S.C. § 2255(h).

Petitioner states the ruling in *Alleyne* was unavailable to him when his sentence became final on direct review.  ECF No. 1695-1 at p. 20.   To the extent Petitioner's Motion to Vacate is premised on the recent Fourth Circuit decision in *United States v. Hairston,* 754 F.3d 258 (4th Cir. 2014), that decision is inapplicable to the instant case.  Hairston's initial § 2255 Motion was denied within a year of his 2003 conviction and sentence.  *Id.* at 259.  In 2011, a state court conviction used to calculate his criminal history category under the U.S. Sentencing Guidelines was vacated.  *Id.*  Hairston then returned to federal court, filing a second Motion to Vacate.  *Id.* The district court dismissed the motion as an unauthorized second or successive motion pursuant to 28 U.S.C. §2244(b)(3)(A).  *Id.*

A Certificate of Appealability was issued on the question of whether Hairston's numerically second Motion to Vacate was a "second or successive" petition under §2255(h), where the basis for his claim did not arise until after the district court denied his first §2255 motion.  *Id.*  The Fourth Circuit, citing its own precedent and the reasoning of the Tenth and Eleventh Circuits, found that:

>   [I]t is settled law that not every numerically second petition is a second or successive petition within the meaning of the AEDPA.  Indeed, we have allowed a numerically second § 2255 motion where the claim arose at a resentencing hearing afforded to a movant as a result of his first § 2255 motion.  [We have] acknowledged that a claim which did not arise until after a prior petition was filed should not be barred as second or successive.

*Id.* at 262 (internal citations and quotation marks omitted).

Petitioner claims he is entitled to review of the instant Motion without prior authorization under 28 U.S.C. § 2244, based on an intervening change in the law set forth by *Alleyne*. Although *Alleyne* was not made retroactive,[2] Petitioner claims its holding entitles him to relief, because a "preponderance of the evidence standard" was used by this Court in finding him responsible for 20 kilograms of heroin and 150 kilograms of cocaine, placing him at a base offense level of 36.  ECF No. 1695-1 at p. 7.  He further contends that his sentence is illegal under *Alleyne* because the "judicial fact finding" regarding drug quantity "subjects him to an additional punishment that surpass" the offense for which he pled guilty.  *Id*. at p. 8.

However, *Alleyne* does not entitle Petitioner to relief.  Contrary to his assertions, the drug quantities Petitioner now objects to were not found by the Court under a "preponderance of the evidence standard."  Nor did they subject him to additional punishment beyond the offense to which he pled guilty.  The Court determined Petitioner was responsible for 20 kilograms of heroin and 150 kilograms of cocaine because he admitted to being responsible for that amount in his plea agreement.  ECF 1263-1 at 4, 8 (stipulating that Petitioner was responsible for at least 150 kilograms of cocaine and 20 kilograms of heroin).  Because Petitioner specifically admitted to those quantities in his guilty plea, there is no basis for him to complain about those quantities being used by the Court to determine a sentence.  *Cf. United States v. Bradley*, 12-5032, 2014 WL 3953964 (4th Cir. Aug. 14, 2014) (holding that a sentence cannot be imposed based on facts "neither alleged in the indictment nor *admitted by [the defendant] in connection with his guilty plea.*") (emphasis added).

Moreover, in *Alleyne* the issue was that the judge, instead of the jury, determined a fact that increased the *mandatory* minimum.  *Alleyne*, 133 S. Ct. at 2155 ("any fact that increases the mandatory minimum is an 'element' that must be submitted to the jury").  The mandatory

---

[2] *See, e.g., Simpson v. United States,* 721 F.3d 875, 876 (7th Cir. 2013).

minimum for the offense of Petitioner's conviction, conspiracy to possess with intent to distribute at least 1 kilogram of heroin and 5 kilograms of cocaine, was ten years imprisonment, with a maximum sentence of life imprisonment.  21 U.S.C. 841(b)(1)(A).  The amounts Petitioner admitted to in his guilty plea did not affect the potential range of sentences.  Petitioner could have admitted to responsibility for only 1.1 kilograms of heroin and 5.1 kilograms of heroin, or admitted to responsibility for all of the heroin and cocaine on Earth, and the applicable sentencing range would have been the exact same: ten years to life.[3]  The amounts stipulated to in Petitioner's plea agreement affected only the calculation of his guideline range under the U.S. Sentencing Guidelines.  The Court had a wide range of sentences available, from ten years imprisonment to life imprisonment, and imposed a sentence within that range after considering the Sentencing Guidelines, as the Court was required to do, and the sentencing factors provided by 18 U.S.C. § 3553.  The sentence imposed was not because of an erroneous application of a mandatory minimum.  *Alleyne*, by its own terms, does not apply to Petitioner's case.  *Alleyne*, 133 S. Ct. at 2163 ("Our ruling…does not mean that any fact that *influences judicial discretion* must be found by a jury.")

In addition to the above analysis, a Certificate of Appealability must be considered.  Unless a Certificate of Appealability is issued, a petitioner may not appeal the Court's decision in a § 2255 proceeding.  28 U.S.C. § 2253(c)(1); Fed. R. App. P. 22(b).  A Certificate of Appealability may issue only if Petitioner "has made a substantial showing of the denial of a constitutional right."  28 U.S.C. §2253(c)(2).  Petitioner "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong," *Tennard v. Dretke*, 542 U.S. 274, 282 (2004) (citation and internal quotation marks

---

[3] By pleading guilty to conspiracy with intent to distribute at least 1 kilogram of heroin and 5 kilograms of cocaine, Petitioner subjected himself at the highest mandatory minimum sentence provided for by 21 U.S.C. § 841 based solely on the quantity of drugs involved.

omitted), or that "the issues presented are adequate to deserve encouragement to proceed further," *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003). The denial of a Certificate of Appealability does not preclude a petitioner from seeking permission to file a successive petition or from pursuing his claims upon receiving such permission. Because Petitioner has not made a substantial showing of the denial of his constitutional rights, a Certificate of Appealability shall not issue.

## CONCLUSION

Because Petitioner is entitled to no relief, his Motion must be denied, and no Certificate of Appealability will issue. A separate Order follows.

October 16, 2014                                        /s/
Date                                            ROGER W. TITUS
                                        UNITED STATES DISTRICT JUDGE